**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 18, 2013

LETTER TO COUNSEL:

      RE:    *Garrion McClellan v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-1767

Dear Counsel:

      On June 15, 2012, the Plaintiff, Garrion McClellan, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. McClellan filed his claim on July 31, 2006, alleging that he became disabled on November 15, 2003. (Tr. 52-52A). He later amended his onset date to June 30, 2004. (Tr. 59). His claim was denied initially and on reconsideration. (Tr. 32-34). After a first hearing on November 1, 2007, before an Administrative Law Judge ("ALJ"), (Tr. 396-448), the ALJ denied benefits. (Tr. 198-209). The Appeals Council remanded the case in 2008. (Tr. 218-19). A second hearing was held on November 9, 2009. (Tr. 449-77). Following that hearing, on November 25, 2009, the ALJ again determined that Mr. McClellan was not disabled during the relevant time frame. (Tr. 15-25). Mr. McClellan appealed to this Court, and the Commissioner consented to remand of the case in 2011. On remand, the Appeals Council opted to decide the case without remanding for a third proceeding before an ALJ. *See* 20 C.F.R. 404.983. The Appeals Council's April 20, 2012 decision (Tr. 478-83) therefore constitutes the final, reviewable decision of the agency.

      Mr. McClellan's date last insured was December 31, 2008. (Tr. 482). The Appeals Council found that Mr. McClellan suffered from the severe impairments of blindness in the left eye and asthma. *Id.* Despite these impairments, the Appeals Council determined that Mr. McClellan retained the residual functional capacity ("RFC") to perform:

> light work activity with no climbing of ladders, ropes and scaffolds, limited depth perception, avoid [sic] of all exposure to hazards and avoidance of concentrated exposure to pulmonary irritants.

(Tr. 482-83). Using Medical Vocational Rule 202.13, the Appeals Council determined that Mr. McClellan could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 483).

Mr. McClellan presents five arguments on appeal: (1) that the Appeals Council failed to address new and material evidence; (2) that the Appeals Council erroneously assigned weight to his treating physician, Dr. Trent-Mims; (3) that the ALJ lacked a basis for finding him capable of performing medium work; (4) that the Appeals Council erred at step two by failing to consider his cancer, incontinence, obesity, and sleep apnea to be severe impairments; and (5) that the hypothetical that the ALJ presented to the vocational examiner ("VE") at the hearing was deficient. Each argument lacks merit.

First, Mr. McClellan asserts that the Appeals Council failed to address new and material evidence, namely the 2009 opinion of his longtime treating physician, Dr. Trent-Mims, her treatment notes of September 28, 2009, and an x-ray of his right shoulder on October 16, 2009. The Appeals Council only has to consider evidence that is both new, meaning not duplicative or cumulative, and material, meaning that there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011). The 2009 treatment notes and x-ray pertain to a period after Mr. McClellan's date last insured, and are therefore not material to the ALJ's determination. Moreover, Dr. Trent-Mims's 2009 opinion is neither new nor material. First, it is largely duplicative and cumulative of Dr. Trent-Mims's similar 2007 opinion. *Compare* (Tr. 388-91) *with* (Tr. 121-24). Even if considered to be "new," however, there is no reasonable possibility that the 2009 report would have changed the Appeals Council's determination. Dr. Trent-Mims's 2009 opinion is lacking in evidentiary support. For example, in response to the question, "Describe clinical signs of all physical and mental impairments," Dr. Trent-Mims wrote, "degenerative changes AC joint right shoulder." (Tr. 388). She then opined, without citing any other clinical support, that Mr. McClellan did not have the capacity to be on his feet for approximately 6 hours out of an 8 hour workday. (Tr. 389). In the explanation for that answer, she says, "Due to Shoulder and back pain, he is unable to sustain lifting, pushing, pulling throughout a regular workday." *Id.* Her explanation provided no support for the notion that Mr. McClellan would be unable to stand for 6 hours during a workday. In addition, Dr. Trent-Mims's report stands in stark contrast to the opinions of the state agency medical consultants, (Tr. 354-61, 362), Dr. Saloman's medical expert testimony, (Tr. 455-56), and Mr. McClellan's own reports, (Tr. 349) ("The patient states sitting and standing is [sic] no problem."). Given the Appeals Council's reliance upon those opinions and reports, and the lack of evidence to support Dr. Trent-Mims's 2009 opinion, the 2009 opinion is not material.

Mr. McClellan's second argument is that the ALJ improperly weighed the medical source opinion of his treating physician, Dr. Trent-Mims.[1] Although the opinions of a treating

---

[1] The ALJ's findings were adopted by the Appeals Council. (Tr. 481-82).

physician can be entitled to controlling weight, such an opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ assigned Dr. Trent-Mims's opinion "very little weight," in part because many questions on the form were unanswered. (Tr. 23, 121-24). In addition, the ALJ noted that Dr. Trent-Mims's opinions were not supported by the evidence of record. For example, Dr. Trent-Mims opined that Mr. McClellan "met listing 1.02A for major dysfunction of a joint," but cited no objective medical evidence in support of that finding. (Tr. 23, 127). In fact, some of Dr. Trent-Mims's treatment records affirmatively contradicted the finding, as just weeks earlier, on October 2, 2007, Dr. Trent-Mims had noted that Mr. McClellan had a normal exam. (Tr. 159-61). At that exam, the only joint complaint was a right ankle pain that had started "several days ago." *Id.* The ALJ's assignment of very little weight to the opinion of Dr. Trent-Mims was therefore supported by substantial evidence.

Third, Mr. McClellan submits that the ALJ had an insufficient evidentiary basis for finding that Mr. McClellan could perform medium work. Because the opinion of the Appeals Council constitutes the final, reviewable opinion of the Commissioner, and because the Appeals Council contradicted the ALJ's decision and determined that Mr. McClellan only had the residual functional capacity for light work, any such error in the earlier opinion by the ALJ is irrelevant.

Fourth, Mr. McClellan alleges that his cancer, incontinence, obesity, and sleep apnea constituted severe impairments. Pl. Mot. 29-31. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). With respect to obesity and sleep apnea, there is no evidence in the record of any functional impairments created by those conditions. The closer question is presented by the bladder incontinence, resulting from Mr. McClellan's status post-prostate cancer. Ultimately, the ALJ (whose opinion was adopted by the Appeals Council) cited to substantial evidence to support the fact that Mr. McClellan's incontinence was non-severe, including the lack of significant treatment records mentioning incontinence. After his surgery for prostate cancer in 2003, Mr. McClellan attended several follow-up cystoscopy procedures in 2004 and 2005. (Tr. 143, 158, 344). However, there is no record of further visits to the urologist, Dr. Thompson, for two years. During that time, there is also no mention of incontinence in visits to the primary care physician, Dr. Trent-Mims. The ALJ noted that there was a single reference of treatment for incontinence in 2007, "with no indication of continuing symptoms or a treatment plan." (Tr. 21). In fact, the 2007 records show that Mr. McClellan returned to Dr. Thompson for a complaint of incontinence in November, 2007. (Tr. 194). Dr. Thompson performed a cystoscopy later that month for diagnostic purposes. (Tr. 312-13). Mr. McClellan was diagnosed with "mild stress incontinence" and received a durasphere injection in December, 2007 to treat the issue. (Tr. 379-80). All of the other evidence of incontinence came from Mr. McClellan's own testimony or statements, and the ALJ made an adverse credibility finding based on substantial evidence. (Tr. 22). I therefore cannot find error in the ALJ's severity determination. Moreover, even if I were

to agree that the ALJ erred in his evaluation of any of Mr. McClellan's impairments at step two, such error would be harmless. Because Mr. McClellan made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Mr. McClellan's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

Finally, Mr. McClellan argues that the ALJ presented an improper hypothetical to the VE, because (1) he failed to include the restriction against climbing ladders, ropes, and scaffolds, (2) he failed to include limitations relating to incontinence, and (3) he failed to incorporate the limitations set by Dr. Trent-Mims. Pl. Mot. 31-33. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988).

The Commissioner concedes that the RFC contained a restriction against climbing ladders, ropes, and scaffolds, and that the restriction was not included in the hypothetical to the VE. Def. Mot. 27. However, the Dictionary of Occupational Titles establishes that the jobs identified by the VE, security guard and inspector, do not require any climbing. *See* 1991 WL 673100. As a result, any error in failing to include the restrictions is harmless. *See Hyson v. Astrue,* No. BPG-10-0308, at 7 (D. Md. June 27, 2012) (finding that "the ALJ's failure to expressly state the plaintiff's RFC in the hypothetical did not change the outcome of the decision and was, therefore, a harmless error.").

As discussed above, the ALJ cited to substantial evidence supporting his rejection of the opinion of Dr. Trent-Mims, and his assessment that Mr. McClellan's incontinence did not require RFC limitations. The ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge